

**In the**
**Court of Appeals**
**Second Appellate District of Texas**
**at Fort Worth**

———————————————

No. 02-24-00406-CR
No. 02-24-00407-CR

———————————————

ANTHONY CHRISTOPHER ALONZO, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 372nd District Court
Tarrant County, Texas
Trial Court Nos. 1732213, 1756369

---

Before Bassel, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Bassel

# MEMORANDUM OPINION

## I. Introduction

Appellant Anthony Christopher Alonzo appeals two cases in which the trial court revoked his deferred-adjudication community supervision and sentenced him to terms of imprisonment. Alonzo's court-appointed appellate counsel has filed a motion to withdraw and a brief in support of that motion in which he asserts that Alonzo's appeals are frivolous. *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967). We agree, grant counsel's motion to withdraw, and affirm the trial court's judgments.

## II. Background

In trial court case number 1756369, Alonzo pleaded guilty to harassment of a public servant; the trial court deferred a finding of guilt and placed him on six years' deferred-adjudication community supervision. The trial court also ordered Alonzo to pay a fine, court costs, and a reimbursement fee. Approximately fifteen months later, the State filed a petition to proceed to adjudication alleging four community-supervision violations. The trial court held a hearing on the State's petition. At the hearing, Alonzo entered pleas of "true" or "not true" to each allegation, and the trial court made findings as to each allegation after hearing evidence as summarized in the following chart:

| The allegation | Alonzo's Plea | Trial court's finding |
|---|---|---|
| 1. Alonzo committed a new offense against the laws of this State or any state of the United States by engaging in conduct that constituted continuous family violence and assault family violence. | Not true | True |
| 2. Alonzo left Tarrant County on or about July 10, 2024, without authorization from the court or his supervision officer. | True | True |
| 3. Alonzo used or possessed marijuana, THC, or cannabinoids on or about April 26, 2023. | Not true | Not true |
| 4. Alonzo failed to pay supervision reimbursement fees in any amount in May 2023, July 2023, October 2023, January 2024, February 2024, and April through June 2024. | Not true | Not true |

At the conclusion of the hearing, the trial court adjudicated Alonzo's guilt; revoked his deferred-adjudication community supervision; sentenced him to ten years' confinement; and ordered that the remaining fine, reimbursement fees, and court costs were to be credited for time served.

In trial court case number 1732213, Alonzo pleaded guilty to Count One—assault impeding breath or circulation of a family member—and to Count Two—aggravated assault with a deadly weapon. As to each count, the trial court deferred a finding of guilt and placed Alonzo on six years' deferred-adjudication community supervision. In Count One, the trial court ordered Alonzo to pay a fine, court costs, and a reimbursement fee. In Count Two, the trial court ordered Alonzo to pay a fine.

Approximately fifteen months later, the State filed a petition to proceed to adjudication in both counts and alleged the same four community-supervision violations that are set forth only once below. The trial court held a hearing on the State's petitions on the same day as the hearing on the State's petition in case number 1756369. At the hearing, Alonzo entered pleas of "true" or "not true" to each allegation, and the trial court made findings as to each allegation after hearing evidence as summarized in the following chart:

| The allegation | Alonzo's Plea | Trial court's finding |
|---|---|---|
| 1. Alonzo committed a new offense against the laws of this State or any state of the United States by engaging in conduct that constituted continuous family violence and assault family violence. | Not true | True |
| 2. Alonzo had harmful or injurious contact with the family-violence victim on or about June 30, 2024, and July 1, 2024. | Not true | True |
| 3. Alonzo left Tarrant County on or about July 10, 2024, without authorization from the court or his supervision officer. | True | True |
| 4. Alonzo used or possessed marijuana, THC, or cannabinoids on or about April 26, 2023. | Not true | Not true |

At the hearing's conclusion, as to Count One in trial court case number 1732213 (assault impeding breath or circulation of a family member), the trial court adjudicated Alonzo's guilt; revoked his deferred-adjudication community supervision; sentenced him to ten years' confinement; and ordered that the remaining fine, reimbursement fees, and court costs be credited for time served. As to Count Two in

4

trial court case number 1732213 (aggravated assault with a deadly weapon), the trial court adjudicated Alonzo's guilt; revoked his deferred-adjudication community supervision; sentenced him to fifteen years' confinement; and ordered that the remaining fine and reparations[1] be credited for time served.[2] The trial court ordered Count Two to be served concurrently with Count One.

### III. *Anders* Discussion

Alonzo's appointed appellate counsel has filed a motion to withdraw and a brief complying with *Anders* in which he asserts that Alonzo's appeals are frivolous because the cases reveal "no grounds that could be argued non-frivolously on appeal." *See* 386 U.S. at 744–45, 87 S. Ct. at 1400. In accordance with *Kelly v. State*, counsel sent Alonzo a copy of the motion to withdraw and the brief; informed him of his right to file a pro se response, to review the record, and to seek discretionary review pro se should this court deny relief; and provided him with a pro se motion to access the appellate record. *See* 436 S.W.3d 313, 319 (Tex. Crim. App. 2014).

---

[1]It is unclear when the reparations for Count Two were assessed because they were not included in the order of deferred adjudication. No matter, all remaining amounts owed were zeroed out by the judgment's order to credit each amount for time served.

[2]Although the bill of costs in each case shows non-zero balances, the "Revocation Restitution/ Reparation Balance Sheets" have the handwritten notation "CTS" beside each outstanding amount, presumably reflecting the judgments' instructions that each amount was to be "Credited for Time Served."

Counsel's motion and brief meet the requirements of *Anders* by presenting a professional evaluation of the record showing why there are no arguable grounds for relief. *See In re Schulman*, 252 S.W.3d 403, 406–12 (Tex. Crim. App. 2008) (orig. proceeding). This court gave Alonzo the opportunity to file a pro se response to counsel's *Anders* brief, but he did not do so. The State filed a letter in which it agreed with appointed counsel that the appeals are frivolous.

After an appellant's court-appointed attorney files a motion to withdraw and a brief fulfilling the *Anders* requirements, we must independently examine the record for any arguable ground that may be raised on the appellant's behalf. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Only after examining the record and independently concluding that no arguable ground may be raised may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988). Here, we find nothing in the record that might arguably support the appeals; we agree with counsel that these appeals are wholly frivolous and without merit. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006).

## IV. Conclusion

We accordingly grant counsel's motion to withdraw and affirm the trial court's judgments.

/s/ Dabney Bassel

Dabney Bassel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  July 10, 2025